IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER A. TYTANIC, )
)
      Plaintiff, )
)
v. ) Case No. CIV-16-1107-D
)
BLUE SKY BIO, LLC, *et al.*, )
)
      Defendants. )

# ORDER

Before the Court is Plaintiff's Motion to Reconsider Order Filed November 29, 2016 With Brief in Support [Doc. No. 29]. Defendants Albert Zickmann and Sheldon Lerner have responded in opposition to the Motion.

Although the caption suggests Plaintiff's filing includes a supporting brief, it contains no citation of authority or legal argument to justify reconsideration of the Court's November 29 Order, which dismissed all claims against Defendants Zickmann and Lerner for failure of the First Amended Complaint to state a plausible claim against them. Defendants argue, incorrectly, that the Motion is governed by Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Because no final judgment has been entered in the case, the relief requested by the Motion falls within the Court's inherent authority to revise an interlocutory order at any time before the entry of a final judgment. *See Warren v. American Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). However, the same standard of decision applies.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Defendants state, correctly, that Plaintiff provides no proper basis to reconsider the November 29 Order. Although it is difficult to ascertain why Plaintiff believes the Court should revisit its ruling, his recitation of the procedural history of the case seems to suggest he misunderstood a prior order or he thought a brief he had filed in response to a prior motion would be sufficient to avoid dismissal. The Court notes that while Plaintiff is proceeding *pro se* in this case, he is a licensed attorney. He presents no reasonable explanation of why he failed to respond to Defendants' motion to dismiss the First Amended Complaint. Further, the Court's ruling was not based solely on the lack of a response but on the merits of Defendants' motion. Plaintiff's prior briefs [Doc. Nos. 18 and 21], which he "is willing to stand on" (see Motion, ¶3), contain no effective response to Defendants' arguments for dismissal of his claims against them.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Order Filed November 29, 2016 [Doc. No. 29] is DENIED.

IT IS SO ORDERED this **2nd** day of December, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE