# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER TYTANIC,

    Plaintiff,

v.

BLUE SKY BIO, LLC,

    Defendant.

Case No. CIV-16-1107-D

## AGREED PROTECTIVE ORDER

Upon consideration of the parties' Joint Motion for Agreed Protective Order [Doc. No. 38], the Court finds that the Motion should be GRANTED.

Pursuant to Fed. R. Civ. P. 26, the Court enters this Agreed Protective Order and stipulations related to the disclosure of confidential information. Plaintiff Christopher Tytanic ("Tytanic") and Defendant Blue Sky Bio, LLC ("Blue Sky") (collectively, the "Parties") represent that some of the documents, testimony, answers, and other material which will be produced by the Parties in this action or by third parties may include confidential information. This Agreed Protective Order ("Order") is entered by stipulation of the Parties to protect such information, is intended to protect the confidentiality of such information and documents only to the extent reasonably necessary, and is subject to the following definitions, terms, and conditions:

## DEFINITIONS

1.    **"CONFIDENTIAL"** shall mean documents, deposition testimony, or information otherwise produced or revealed through discovery in this action, to be used

solely for the purposes of the above-styled litigation that may be disclosed only to the following persons:

    a.    The attorneys working on this action on behalf of any party, including in-house attorneys, paralegal assistants, stenographic and clerical employees working under the direct supervisions of such counsel;

    b.    Employees or other representatives of the receiving party with whom the receiving party's counsel reasonably believes the subject person needs to consult solely for the purposes of prosecuting, defending, and/or appealing this lawsuit;

    c.    Any person not regularly employed by a party, such as an expert, who is expressly retained or sought to be retained by any attorney described in paragraph (a) above to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    d.    As to any particular document designated pursuant to this Order, any persons identified therein as the author(s), addressee(s), or designated recipient(s) of the document; and

    e.    The Court and its professional staff, independent court reports retained to report depositions or proceedings in this case, and the jury.

2.    **"Designated Document"** shall mean any document that has been designated as "CONFIDENTIAL."

3.    **"Disclosing Party"** shall mean parties to this action and third parties who give testimony or produce documents or other information.

## TERMS AND CONDITIONS

1. This Order shall be applicable to and govern all depositions, documents, information, or things produced in response to requests issued pursuant to the Fed. R. Civ. P. 26 *et seq.*, and all other information previously or hereafter disclosed which the Disclosing Party designates as "CONFIDENTIAL" during the pre-trial stages of this case.

2. It is not this Court's practice to issue protective orders regarding discovery that also impacts trial proceedings. Accordingly, the necessity of protecting evidence designated pursuant to this Agreed Protective Order and received into evidence during a public trial shall be determined when, or if, a particular privacy issue is presented for decision to the Court at trial by the disclosing party seeking the protective measures. *See Coker v. Hartford Life Ins.*, Case No. CIV-06-911-HE, Order at *6-7 (W.D. Okla. Feb. 21, 2007).

3. In designating information as "CONFIDENTIAL," a Disclosing Party, including any disclosing third party, shall make such designation only as to documents or information which that party in good faith believes (1) pertains to its business and constitutes or contains trade secret information; (2) is subject to a recognized legal privilege; (3) or which necessarily relates to sensitive and private information (which the disclosing party would not normally disclose to third parties or would cause third parties to maintain in confidence).

4. In the absence of written permission from the Disclosing Party, including a disclosing third party, or an order of the Court, information designated as "CONFIDENTIAL" shall be used solely for the purposes of the above-styled litigation.

5. The persons described in the definition of "CONFIDENTIAL" shall have access to such Designated Documents only after they have been made aware of the provisions of this Agreed Protective Order and have manifested their assent to be bound thereby.

6. Persons receiving a Designated Document are enjoined from disclosing it to any other person, except in conformance with this Agreed Protective Order.

7. Prior to review of any Designated Document, each individual who receives any Designated Document shall agree to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Agreed Protective Order.

8. The recipient of any Designated Document that is provided under this Agreed Protective Order shall maintain such information in a secure and safe area and shall exercise a reasonable standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary, confidential, or privileged information.

9. No Designated Document shall be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this lawsuit.

10. All such copies, reproductions, summarizations, and abstractions shall be subject to the terms of this Agreed Protective Order as its applies to the original Designated Document, and labeled in the same manner as the designated material on which it is based.

11. Disclosing Parties shall designate "CONFIDENTIAL" documents as follows:

a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by stamping or otherwise designating as "CONFIDENTIAL" every page containing "CONFIDENTIAL" information prior to production.

b. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, that party shall have five (5) business days after discovery of the inadvertent failure to stamp or designate such production to so stamp or otherwise designate the document or other information "CONFIDENTIAL."

c. In the case of depositions, designation of the portion of the transcript which contains "CONFIDENTIAL" information shall be made by a statement to such effect on the record in the course of the deposition or in writing within five (5) days of the designating party's receipt of the transcript of the deposition.

d. With respect to exhibits to depositions, such documents shall continue to be designated if so designated when originally produced without additional designation.

e. Any Designated Document produced in a non-paper medium (e.g. videotape, audiotape, computer disk, etc.) may be designated such by labeling the outside of such non-paper medium as "CONFIDENTIAL."

f. In the event a receiving party generates a hard copy, transcription, or printout from any such designated non-paper media, such party must stamp each page

"CONFIDENTIAL," and the hard copy, transcription, or printout shall be treated as designated "CONFIDENTIAL."

12. A party shall not be obligated to challenge the propriety of a Designated Document at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.

13. In the event a party to this litigation disagrees at any stage of these proceedings with such designation, said party shall provide to the producing party written notice of its disagreement with the designation and state the basis for its disagreement and reasonably identify the particular documents that it believes are improperly designated as "CONFIDENTIAL."

14. The parties shall first try to dispose of any disputes regarding designation in good faith and on an informal basis.

15. If a dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before five (5) days after the producing party is served with said written notice.

16. The burden of proving designated documents have been properly designated is on the party making such designation.

17. With respect to any information designated "CONFIDENTIAL" pursuant to this Agreed Protective Order, any party may, in advance of filing any document in which the CONFIDENTIAL information is to be used or referenced, seek leave to file the same

under seal in accordance with the ECF Policies & Procedures Manual, § III.A. If the Court grants a motion referenced herein:

  a. The Clerk of the Court is directed to maintain under seal all those documents and transcripts filed under seal with this Court in this litigation;

  b. A complete unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

  18. In the event that any Designated Document or information is used in any Court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

  19. If a Designated Document is disclosed to any person other than in the manner authorized by this Agreed Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

  20. Nothing in this Agreed Protective Order shall preclude any party to the lawsuit or their attorneys (a) from showing a designated document to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using in any manner for any purpose, any information or document from the party's own files which the party itself has designated as "CONFIDENTIAL."

21. In the event any receiving party having possession, custody, or control of any Designated Document receives a subpoena or other process or order to produce such information in another, unrelated legal, quasi-judicial, administrative, governmental, or other proceeding, from a non-party to this action, such receiving party shall, within two (2) business days, or one day prior to the date set for production, whichever is shorter, provide counsel for the producing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected.

22. The producing party or third party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process, or order.

23. The party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL" treatment is ultimately successful in obtaining an order modifying or quashing the subpoena or other process or order.

24. Within sixty (60) days of the final termination of litigation between the parties, all copies of a Designated Document and all notes, summaries, or other documents containing the "CONFIDENTIAL" information shall be returned to the party which produced it or shall be destroyed pursuant to Paragraph 26 below.

25. Notwithstanding the other provision herein, Counsel for each party shall be entitled to retain all pleadings, motions, papers, legal memoranda, correspondence and work product.

26. If counsel elects to destroy the Designated Document, counsel shall provide to the producing party's counsel a written certification reflecting such disposition.

27. Except as specifically provided herein, the terms and conditions of this Agreed Protective Order shall survive the termination of this action.

28. This Agreed Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the previous provisions contained in paragraphs 1 through 27 above.

29. This Agreed Protective Order shall not be construed as waiving any right to assert a claim or privilege, relevance, over breadth, burdensomeness, or other objections or grounds for not producing material called for, and access to such material shall be only as otherwise provided under the Federal Rules of Civil Procedure and other applicable law.

30. The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, or any other relevant privilege shall not constitute a waiver of the applicable privilege.

31. Returning a document referenced in paragraph 30 above is without prejudice to such party's applying to the Court for an order compelling production of such document on grounds other than waiver of privilege.

IT IS SO ORDERED this  5th  day of July, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE