IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER A. TYTANIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1107-D |
| | ) | |
| BLUE SKY BIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Blue Sky Bio, LLC's Motion to Strike Expert Witness of Plaintiff [Doc. No. 43]. Plaintiff has responded in opposition to the Motion, and Defendant has replied. The Motion is thus fully briefed and at issue.

This diversity case involves claims of manufacturer's products liability, negligence, breach of implied warranty, and fraud related to a failed dental implant. By the Motion, Defendant seeks the exclusion of Plaintiff's designated expert witness, Dr. J. Reed Butler, a dentist who both performed Plaintiff's dental implant procedure and will provide opinion testimony that the implant manufactured by Defendant was defective. Defendant seeks an order pursuant to Fed. R. Civ. P. 37(c)(1), prohibiting Plaintiff from using Dr. Butler as an expert witness due to his failure to provide an expert report that satisfies the disclosure requirements of Fed. R. Civ. P. 26(b)(2)(B). In response, Plaintiff argues that Dr. Butler's report is sufficient to satisfy Fed. R. Civ. P. 26(a)(2)(A) and Fed. R. Evid. 702 and 703 and, in any event, Dr. Butler should not be excluded as a witness because any deficiency in his report was "justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). In reply,

Defendant points out that Plaintiff's attempt to bolster Dr. Butler's report does not address the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B), and Defendant disputes Plaintiff's contention that it is not prejudiced by the deficient report.

Upon consideration, the Court finds that the Motion fails to comply with LCvR37.1, which provides: "With respect to all motions and objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, the court shall refuse to hear any such motion or objection unless counsel for the movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." Defendant does not address LCvR37.1 in its Motion, or show compliance with the personal conference requirement.

Further, it is unclear from the present record whether Dr. Butler is subject to the disclosure requirement of Rule 26(a)(2)(B), which requires a written report from an expert witness who is "retained or specially employed to provide expert testimony in the case." Dr. Butler states he "will not receive any compensation for [his] study and testimony in this case." *See* Expert Witness Written Report [Doc. No. 48-1]. As Plaintiff's treating physician, Dr. Butler may testify concerning facts and opinions related to the diagnosis and treatment of Plaintiff of which he has personal knowledge, without complying with the disclosure requirement of Rule 26(a)(2)(B). *See Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). It is also unclear whether Dr. Butler is prepared to serve as an expert witness. Dr. Butler's statement that this case is his first, together with the conclusory

nature of his report, suggest he is unaware of the level of work required of a litigation expert.

In short, it appears to the Court that the issues raised by the Motion might be further developed, clarified, or resolved through a personal conference of counsel. Therefore, the Court finds that the Motion should be denied without prejudice to a future filing if the parties are unable to reach an accord after a sincere attempt to resolve their differences.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Expert Witness of Plaintiff [Doc. No. 43] is DENIED, as set forth herein.

IT IS SO ORDERED this 18th day of August, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE